NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROLYN A. HARRIS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.  21-35136

D.C. No. 2:19-cv-02102-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted February 9, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Carolyn A. Harris appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Social Security Act.  The administrative law judge ("ALJ") discounted Harris's testimony as to the intensity, persistence, and limiting effects of her symptoms as well as the functional capacity assessments of her primary care physician and determined that Harris had the residual functional capacity to perform light work with certain limitations.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020), and we vacate and remand.

1.  Without a finding of malingering, as here, the ALJ can reject a claimant's testimony only if the ALJ provides "specific, clear and convincing reasons for doing so."  *Garrison v. Colvin*, 759 F.3d 995, 1015–16 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ discounted Harris's symptom testimony because it was "not entirely consistent" with the objective medical record.  The ALJ, however, did not adequately account for Harris's fibromyalgia.  He specifically relied on medical records showing unremarkable physical findings, including normal motor strength, range of motion, gait, and coordination, which may be "perfectly consistent with debilitating fibromyalgia."  *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017).

The ALJ relied on selected portions of the mental health record without the context of the complete diagnostic picture presented.  *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).  The ALJ's analysis was premised almost exclusively

2

on recorded observations of Harris's cognitive functioning during treatment sessions; it largely disregarded the remaining treatment and counseling records—and even portions of the very records cited—that suggest serious symptoms and an extensive course of treatment by several providers.

While the ALJ offered two additional reasons for discounting Harris's testimony, these reasons do not render the errors harmless. Harris's limited daily activities were not meaningfully inconsistent with her symptom testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). And the two unrelated discrepancies in Harris's testimony regarding her migraines and use of a cane are not convincing reasons to discredit her testimony in full. *See Popa v. Berryhill*, 872 F.3d 901, 906–07 (9th Cir. 2017) ("A single discrepancy fails, however, to justify the wholesale dismissal of a claimant's testimony."); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (noting that "one weak reason" may be "insufficient to meet the specific, clear and convincing standard" (quotation marks and citation omitted)).

2. The ALJ further erred in giving "little weight" to the assessments provided by Harris's long-term primary care physician, Dr. Cline. The ALJ relied on the same flawed analysis of the objective medical record and Harris's activities as he employed to discount Harris's testimony. As before, these errors are not rendered harmless by the additional reasons the ALJ provided for discounting

3

Dr. Cline's assessments. Dr. Cline's use of a check-the-box form is no reason to give his assessments less weight; the record also includes his office's treatment notes that the ALJ did not consider before deeming the assessments unsupported. *See Popa*, 872 F.3d at 907. And the ALJ's conclusion that Dr. Cline relied primarily on Harris's self-reported symptoms lacks adequate record support.

For all these reasons we vacate the ALJ's decision.[1] On this record, we find it appropriate to remand the case for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105–07 (9th Cir. 2014).

**VACATED AND REMANDED.**

---

[1] We do not consider arguments that were not adequately briefed on appeal or raised before the district court below.